



**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

---

*Connecticut Financial Center*          *(203)821-3700*
*157 Church Street, 25ᵗʰ Floor*          *Fax (203) 773-5376*
*New Haven, Connecticut 06510*          *www.justice.gov/usao/ct*

October 1, 2021

Richard Marquette, Esq.
60 Washington Avenue,
Suite 302
Hamden, CT 06518

      Re:    *United States v. Audrey Bonet Johnson*
            Criminal No. 3:20-CR-195(MPS)

This letter confirms the plea agreement between your client, Audrey Bonet Johnson (the "Defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") in this criminal matter.

## THE PLEA AND OFFENSE

In consideration for the benefits offered under this agreement, Audrey Bonet Johnson agrees to plead guilty to Count One of the Superseding Information, which charges a violation of 18 U.S.C. § 371 (conspiracy to commit false statements, 18 U.S.C. § 1001).

The Defendant understands that, to be guilty of the offense of conspiracy, the following essential elements must be satisfied:

1. Two or more persons entered an agreement to commit an unlawful act – in this case, to commit false statements in violation of 18 U.S.C. § 1001;

2. Defendant knowingly engaged in the conspiracy intending to commit the offense that was the object of the conspiracy; and

3. At least one "overt act" was conducted by one or more members of the conspiracy in furtherance of the conspiracy as alleged in the Superseding Information.

The elements of the conspiracy's objective – False Statement – in this case are the following:

1. Defendant made a statement.

*Richard C. Marquette, Esq.*
*Page 2*

2. The statement was false.

3. The statement was material.

4. Defendant acted knowingly and willfully.

5. The statement pertained to a matter within the jurisdiction of the executive branch of the U.S. government.

## **THE PENALTIES**

Imprisonment

This offense carries a maximum penalty of five years.

Supervised Release

In addition, the Court may impose a term of supervised release of not more than three years to begin after any term of imprisonment. 18 U.S.C. § 3583. The Defendant understands that, should she violate any condition of supervised release, she may be required to serve a further term of imprisonment of up to two years with no credit for time already spent on supervised release.

Fine

This offense carries a maximum fine of $250,000. The Defendant is also subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the Defendant is the greatest of the following amounts: (1) twice the gross gain to the Defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000.

Special Assessment

In addition, the Defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction. The Defendant agrees to pay the special assessment to the Clerk of the Court on or before the date of sentencing.

Restitution

In addition to the other penalties provided by law, the Court may also order that the Defendant make restitution under 18 U.S.C. § 3663. Restitution is inapplicable in this case.

Interest, penalties and fines

Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may

*Richard C. Marquette, Esq.*
*Page 3*

be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572(h), (*i*) and § 3612(g).

## THE SENTENCING GUIDELINES

### Applicability

The Defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement.  The Defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the Defendant, the Government, and the United States Probation Office.  The Defendant further understands that she has no right to withdraw her guilty plea if her sentence or the Guideline application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

### Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the Defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the Defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the Defendant qualify for a decrease under § 3E1.1(a) and her offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce the Defendant's Adjusted Offense Level by one additional level based on his prompt notification of his intention to enter a plea of guilty. The Defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the Defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the Defendant is accountable under § 1B1.3 of the Sentencing Guidelines, and (2) disclosing to the United States Attorney's Office and the United States Probation Office a complete and truthful financial statement detailing the Defendant's financial condition. The Defendant expressly authorizes the United States Attorney's Office to obtain a credit report concerning the Defendant.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the Defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the Defendant has not terminated or withdrawn from criminal conduct or associations (§ 3E1.1 of the Sentencing Guidelines); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (§ 3C1.1 of the Sentencing Guidelines); or (3) constitute a violation of any condition of release.  Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the Defendant seeks to withdraw her guilty plea or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent

*Richard C. Marquette, Esq.*
*Page 4*

with affirmative acceptance of personal responsibility.  The Defendant understands that she may not withdraw her plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

Stipulation

Pursuant to § 6B1.4 of the Sentencing Guidelines, the Defendant and the Government have entered into the attached stipulation, which is a part of this plea agreement.  The Defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing.  The Defendant understands that this stipulation is not binding on the Court.  The Defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

Guideline Stipulation

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.  For the offense of false statement, the applicable sentencing guideline is section 2B1.1.

Sub-section 2B1.1(a)(2) prescribes a base offense level of 6.  Two levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, resulting in a total offense level of 4.

Based on an initial assessment, the parties agree that the Defendant falls within Criminal History Category V.  The parties reserve the right to recalculate the Defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

A total offense level of 4, assuming a Criminal History Category V, would result in a range of 4 to 10 months of imprisonment in Zone B of the Sentencing Table, and a fine range of $500 to $9,500, U.S.S.G. § 5E1.2(c)(3).  The Defendant is also subject to a supervised release term of one year to three years.  U.S.S.G. § 5D1.2.

The Government and the Defendant reserve their rights to seek a departure or a non-Guidelines sentence, and both sides reserve their right to object to a departure or a non-Guidelines sentence.

The Defendant understands that the Court is not bound by this agreement on the Guideline ranges specified above.  The Defendant further understands that she will not be permitted to withdraw the guilty plea if the Court imposes a sentence outside any of the ranges set forth in this agreement.

Richard C. Marquette, Esq.
Page 5

In the event the United States Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations.  Moreover, the parties reserve the right to Defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

Information to the Court

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case.  Moreover, the Government will discuss the facts of this case, including information regarding the Defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

**WAIVER OF RIGHTS**

The Defendant acknowledges and agrees that she is knowingly, intelligently, and voluntarily waiving the following rights:

Waiver of Right to Indictment

The Defendant understands that she has the right to have the facts of this case presented to a federal grand jury, consisting of between sixteen and twenty-three citizens, twelve of whom would have to find probable cause to believe that she committed the offense set forth in the Superseding Information before an indictment could be returned. The Defendant acknowledges that she is waiving her right to be indicted.

Waiver of Trial Rights and Consequences of Guilty Plea

The Defendant understands that she has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent her.

The Defendant understands that she has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against her, the right not to be compelled to incriminate herself, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in her defense.  The Defendant understands that by pleading guilty she waives those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The Defendant understands that, if she pleads guilty, the Court may ask her questions about each offense to which he pleads guilty, and if she answers those questions falsely under oath, on the record, and in the presence of counsel, her answers may later be used against her in a prosecution for perjury or making false statements.

*Richard C. Marquette, Esq.*
*Page 6*

Waiver of Right to Challenge Conviction

The Defendant acknowledges that under certain circumstances she is entitled to challenge her conviction. By pleading guilty, the Defendant waives her right to appeal or collaterally attack her conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. In addition to any other claims she might raise, the Defendant waives her right to challenge her conviction based on (1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statute(s) to which the Defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute. This waiver does not preclude the Defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

Waiver of Right to Appeal or Collaterally Attack Sentence

The Defendant acknowledges that under certain circumstances, she is entitled to challenge her sentence. In consideration for the benefits offered under this agreement, the Defendant agrees not to appeal or collaterally attack the sentence in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241 if that sentence does not exceed ten months of imprisonment, a three-year term of supervised release, a $100 special assessment, and a fine of $9,500, even if the Court imposes such a sentence based on an analysis different from that specified above. Similarly, the Government will not appeal a sentence imposed within or above the stipulated sentencing range. The Government and the Defendant agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with, in whole or in part, the undischarged portion of any other sentence that has been imposed on the Defendant at the time of sentencing in this case. Furthermore, the parties agree that any challenge to the Defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver. This waiver does not preclude the Defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

Waiver of Challenge to Plea Based on Immigration Consequences

The Defendant understands that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States. Under federal law, non-citizens are subject to removal for a broad range of crimes, including the offense(s) to which the Defendant is pleading guilty. Likewise, if the Defendant is a naturalized citizen of the United States, pleading guilty may result in denaturalization and removal. Removal, denaturalization, and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including her attorney or the district court, can predict to a certainty the effect of her conviction on her immigration status. The Defendant nevertheless affirms that she wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

The Defendant understands that she is bound by her guilty plea regardless of the immigration consequences of the plea. Accordingly, the Defendant waives any and all challenges to her guilty plea and to her sentence based on those consequences, and agrees not to seek to

*Richard C. Marquette, Esq.*
*Page 7*

withdraw her guilty plea, or to file a direct appeal or any kind of collateral attack challenging her guilty plea, conviction or sentence, based on the immigration consequences of her guilty plea, conviction or sentence. This waiver does not preclude the Defendant from raising a claim of ineffective assistance of counsel in the appropriate forum.

<u>Waiver of Statute of Limitations</u>

The statute of limitations for the offense charged in the Superseding Information is five years. 18 U.S. Code § 3282. After discussing this matter with her attorney and based on the Government's promises in this agreement, the Defendant knowingly, voluntarily, and intelligently waives any defense based on the limitations that would otherwise bar her prosecution for the conduct alleged in the Superseding Information.

Further, the Defendant agrees that, should the conviction following Defendant's guilty plea be vacated for any reason, then a prosecution for the false statement offense that is the subject of this plea agreement, and any other prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the Defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The Defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The Defendant acknowledges that she is entering into this agreement and is pleading guilty freely and voluntarily because she is guilty. The Defendant further acknowledges that she is entering into this agreement without reliance upon any discussions between the Government and her (other than those described in the this plea agreement letter), without promise of benefit of any kind (other than the concessions contained in this plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The Defendant further acknowledges her understanding of the nature of the offense to which she is pleading guilty, including the penalties provided by law. The Defendant also acknowledges her complete satisfaction with the representation and advice received from her undersigned attorney. The Defendant and her undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the Defendant in the case.

The Defendant acknowledges that she is not a "prevailing party" within the meaning of Public Law 105-119, section 617 ("the Hyde Amendment") with respect to the count of conviction or any other count or charge that may be dismissed pursuant to this agreement. The Defendant voluntarily, knowingly, and intelligently waives any rights she may have to seek attorney's fees and other litigation expenses under the Hyde Amendment.

*Richard C. Marquette, Esq.*
*Page 8*

## SCOPE OF THE AGREEMENT

The Defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The Defendant acknowledges that no representations have been made to her with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the Defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving her.

## COLLATERAL CONSEQUENCES

The Defendant understands that she will be adjudicated guilty of each offense to which she has pleaded guilty and will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms and ammunition, and in some states, the right to vote. Further, the Defendant understands that if she is not a citizen of the United States, a plea of guilty may result in removal from the United States, denial of citizenship, and denial of admission to the United States in the future. The Defendant understands that pursuant to section 203(b) of the Justice For All Act, the Federal Bureau of Prisons or the United States Probation Office will collect a DNA sample from the Defendant for analysis and indexing. Finally, the Defendant understands that the Government reserves the right to notify any state or federal agency by which she is licensed, or with which she does business, as well as any current or future employer of the fact of her conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The Defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the Defendant in the District of Connecticut as a result of her participation in all of the acts that form the basis of the Indictment and the Superseding Information in this case. After sentencing, the Government will move to dismiss the Indictment as to the Defendant.

The Defendant understands that if, before sentencing, she violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, the Defendant will not be permitted to withdraw her guilty plea.

## NO OTHER PROMISES

The Defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

*Richard C. Marquette, Esq.*
*Page 9*

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

LEONARD C BOYLE
ACTING UNITED STATES ATTORNEY

HENRY K. KOPEL
ASSISTANT UNITED STATES ATTORNEY

The Defendant certifies that she has read this plea agreement letter and its attachment(s) or has had it read or translated to her, that she has had ample time to discuss this agreement and its attachment(s) with counsel and that she fully understands and accepts its terms.

AUDREY BONET JOHNSON                    10-1-2021
The Defendant                           Date

I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that she understands and accepts its terms.

RICHARD C. MARQUETTE, ESQ.              10-1-2021
Attorney for the Defendant              Date

*Richard C. Marquette, Esq.*
*Page 10*

## STIPULATION OF OFFENSE CONDUCT

The Defendant Audrey Bonet Johnson and the Government stipulate to the following offense conduct and relevant conduct that give rise to the Defendant's agreement to plead guilty to Count One of the Superseding Information:

Between March 2012 and November 2015, Defendant Audrey Bonet Johnson ("Johnson"), a U.S. citizen, and Shanon St. Aubyn Stephenson ("Stephenson"), a non-citizen, conspired (agreed) together with each other and others to make false representations and statements to the United States Citizenship and Immigration Service ("USCIS"), for the purpose of Stephenson's obtaining lawful permanent residence status, that is, a green card. In furtherance of the conspiracy, they undertook the following actions, among others:

On March 1, 2012, Johnson and Stephenson participated in a marriage ceremony in New York. In March 2012 Stephenson and Johnson submitted respectively to the U.S. Citizenship & Immigration Service ("USCIS"), an I-485 application for permanent residence (i.e., a "green card"), and an I-130 sponsorship of that application. Both forms listed the two as married and living together at 630 Hendrix Street, Brooklyn, New York, and both were signed under the penalties of perjury. Following the Defendants' 2012 USCIS interview in New York, Defendant Stephenson was issued a temporary, two-year green card.

In September 2014, the two Defendants signed and submitted to USCIS, a Form I-751, that is, an application to convert Stephenson's conditional green card to permanent resident status. Although both the I-751 form and the return address on the mailing envelope listed them as married and living together at 630 Hendrix Street in Brooklyn, the envelope's postmark identified the actual point of mailing as Bridgeport, Connecticut. Their I-751 signatures were made under the penalties of perjury.

On November 19, 2015, Stephenson and Johnson were both interviewed by New York USCIS, where they were placed under oath and swore to the truth of the documents they had previously submitted to USCIS. USCIS then granted Stephenson permanent residence status.

In fact, from before, during, and after the three-year pendency of this immigration proceeding (2012-2015), co-defendant Stephenson was actually married to and living with Jodian Stephenson, a.k.a. Jodian Gordon, at 45 Evers Place, Bridgeport, Connecticut. On August 22, 2010, Stephenson and Jodian Stephenson participated in a marriage ceremony in Bridgeport. Over three years later, on December 29, 2013, they again participated in a marriage ceremony, this time in Jamaica. And from at least 2012 through well beyond 2015, Shanon and Jodian Stephenson lived together at 45 Evers Place in Bridgeport, as evidenced by several items including the following:

➢ Three joint accounts at Bank of America, all listing Shanon and Jodian Stephenson's shared address as 45 Evers Place, Bridgeport, at least one of which displays extensive activity across the four-year period 2012 through 2016.

*Richard C. Marquette, Esq.*
*Page 11*

➢ A joint GEICO car insurance policy, maintained and annually renewed each year from 2012 through 2020, all listing Shanon and Jodian Stephenson's shared address as 45 Evers Place, Bridgeport.

➢ Shanon Stephenson's July 2012 application for a CT driver's license, listing his address as 45 Evers Place, Bridgeport.

➢ Shanon Stephenson's having received Connecticut unemployment benefits from September 2014 through January 2015, all listing his address as 45 Evers Place, Bridgeport.

➢ Shanon Stephenson's having been employed as a truck driver with Drivers' Management, Inc. from September 2015 through December 2016, and receiving pay stubs listing his "tax state" as Connecticut; and during his August 2015 interview for the job, giving his address as 45 Evers Place, Bridgeport.

➢ Shanon and Jodian Stephenson having had two children together, born respectively in 2017 and 2019, with both birth certificates listing the parental address as 45 Evers Place.

This written stipulation is part of the plea agreement. The Defendant and the Government reserve their right to present additional offense conduct and relevant conduct to the Court in connection with sentencing.

_____
AUDREY BONET JOHNSON
The Defendant

_____
HENRY K. KOPEL
Assistant United States Attorney

_____
RICHARD C. MARQUETTE, ESQ.
Attorney for the Defendant